MARCH 22, 1979

NOLAND v COURT OF APPEALS. (Docket No. 61939.) The complaint for superintending control is considered and, pursuant to GCR 1963, 862.5(c), Recorder's Court of the City of Detroit shall hold a hearing in *People v Noland* (Recorder's Court No. 76-06254) to determine whether plaintiff's attorney was given an opportunity to inspect the presentence information, including the "blue sheet", relied on by the judge in sentencing the plaintiff. If he was not, plaintiff must be resentenced. We do not retain jurisdiction. *Gerald M. Lorence* for plaintiff. Case below, *People v Noland,* Court of Appeals No. 78-1252, order of June 7, 1978.

STATE BOARD OF LAW EXAMINERS v INGHAM CIRCUIT JUDGE. (Docket No. 62869.) The complaint for superintending control filed by plaintiff is denied. The motion for stay of proceedings becomes moot thereby and is denied. *Stuart Dunnings, Jr.,* for plaintiff.

CLAEBOE v STATE BOARD OF LAW EXAMINERS. (Docket No. 58257-1/2.) The amended motion to extend time back is treated as a supplement to the petition for reconsideration. The petition for reconsideration of this Court's order of April 17, 1978 is considered and the petition is denied because it does not appear that said order was entered erroneously. This order is entered without prejudice to petitioner's right to apply to the Board of Law Examiners for a special certificate of qualification to practice law pursuant to Rule 5(D) of the Rules for the Board of Law Examiners as amended by Court order dated May 4, 1978. Bertram F. Claeboe, *in propria persona,* petitioner. *Robert K. Avery* for the State Board of Law Examiners.